# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| Lester Comer<br><br>    Plaintiff,<br><br>v.<br><br>Regional Adjustment Bureau, Inc.<br><br>    Defendant. | Case No. 1:11CV0363<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

FILED 2011 OCT 17 AM 9:57 STEPHEN R. LUDWIG, CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF INDIANA

## PARTIES

1. Plaintiff is a natural person who resided in Albion, IN at all times relevant to this action.

2. Defendant is a Tennessee corporation that maintained its principal place of business in Memphis, TN at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Citifinancial, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around August 18, 2011, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt.

14. During this communication, Plaintiff notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

15. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt on or around August 22 and August 30, 2011.

16. Defendant caused Plaintiff emotional distress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

19. In support hereof, Plaintiff incorporates paragraphs 13-15 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

21. In support hereof, Plaintiff incorporates paragraphs 13-15 as if specifically stated herein.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: _____
Nicholas J. Prola
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Telephone: 866-339-1156
Fax: 312-822-1064
Email: npr@legalhelpers.com
Attorneys for Plaintiff